**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM F. RUBRECHT, | ) | |
| on behalf of plaintiff and the class | ) | |
| members described below, | ) | |
| | ) | |
| Plaintiff, | ) | 13-cv-7538 |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT B. STEELE; | ) | |
| APLINGTON KAUFMAN | ) | |
| MCCLINTOCK STEELE AND | ) | |
| BARRY, LTD.; COLLECTION | ) | |
| PROFESSIONALS, INC.; and | ) | |
| GREGORY HIMELICK, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA"), Illinois Collection Agency Act ("ICAA"), and Illinois Consumer Fraud Act ("ICFA") action may proceed as a class action against defendants Robert B. Steele ("Steele"), Aplington Kaufman McClintock Steele and Barry, Ltd. ("AKMSB"), Collections Professionals, Inc. ("CPI"), and Gregory Himelick ("Himelick").

The classes consists of:

Class I - The FDCPA Classes: The two FDCPA classes are designated Classes IA-B

Class IA consists of (a) all individuals (b) against whom defendants Steele or AKMSB filed a lawsuit (c) on a dishonored check (d) more than 2 years after dishonor (d) which lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

Class IB consists of (a) all individuals (b) against whom defendant CPI filed a

lawsuit (c) on a dishonored check (d) more than 2 years after dishonor (d) which lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

<u>Class II- The ICAA Class:</u>

Class II consists of (a) all individuals (b) against whom defendant CPI filed a lawsuit (c) on a dishonored check (d) more than 2 years after dishonor (d) which lawsuit was pending at any time during a period beginning 5 years prior to the filing of this action and ending 20 days after the filing of this action.

<u>Class III- The ICFA:</u>

Class III consists of (a) all individuals (b) against whom defendant CPI filed a lawsuit (c) on a dishonored check (d) more than 2 years after dishonor (d) which lawsuit was pending at any time during a period beginning 3 years prior to the filing of this action and ending 20 days after the filing of this action.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**I.     NATURE OF THE CASE**

1. This case concerns suits filed beyond the statute of limitations by defendants to collect alleged dishonored checks. Defendants lawsuits to collect on alleged dishonored checks are in expiration of two statute of limitations: the statute of limitations for (1) dishonored checks, generally (810 ILCS 5/3-118(c)); and (2) statutory penalties associated with the dishonored checks (735 ILCS 5/13-202).

2. The statute of limitations for a dishonored check is three years, under 810 ILCS 5/3-118(c):

> **§ 3-118. Statute of limitations.**
>
> **. . . (c) Except as provided in subsection (d), an action to enforce the obligation of a party to an unaccepted draft to pay the draft must be commenced within 3 years after dishonor of the draft or 10 years after the date of the draft, whichever period expires first. . . .**

3. As pointed out in the comments to § 3-118, an "unaccepted draft" is an ordinary personal check. Comment 3 states:

> **. . . 3. Subsection (c) applies primarily to personal uncertified checks. Checks are payment instruments rather than credit instruments. The limitations period expires three years after the date of dishonor or 10 years after the date of the check, whichever is earlier. Teller's checks, cashier's checks, certified checks, and traveler's checks are treated differently under subsection (d) because they are commonly treated as cash equivalents. . . .**

4. The statute of limitations for a statutory penalty in Illinois is 2 years under 735 ILCS 5/13-202, which provides:

> **§ 13-202. Personal injury--Penalty. Actions for damages . . . for a statutory penalty . . . shall be commenced within 2 years next after the cause of action accrued . . . .**

5. A "statutory penalty" exists where a statute imposes a predetermined amount of damages by providing a formula for a court to use in calculating damages, and the amount provided for does not represent actual damages. *Landis v. Marc Realty, L.L.C.*, 235 Ill.2d 1, 919 N.E.2d 300 (2009). Claims for treble damages are "statutory penalties" for purposes of the two-year statute of limitations. *Congress Bldg. Corp. v. Loew's, Inc.*, 246 F.2d 587 (7th Cir. 1957) (treble damages under antitrust laws were subject to two-year statute of limitations prior to enactment of federal statute of limitations).

6. For example, On or about September 9, 2013, CPI, represented by

AKMSB and Steele, filed suit against William F. Rubrecht in the Circuit Court of Henry County, Illinois, to collect three dishonored personal checks. The checks had been issued to a food store, Orion IGA/ Food Pride, in 2005 and 2006, and had been dishonored upon presentment.

7. A copy of the state court complaint is attached as <u>Exhibit A</u>. The checks are attached to the complaint.

8. The complaint is captioned "Orion IGA/ Food Pride v. Rubrecht," but lists as the address of the plaintiff 723 First Street, LaSalle, Illinois, which is the address of CPI, and is verified by Himelick, as chief operations officer of CPI. Steele signed as attorney.

9. The action sought the amount of the three checks, along with statutory penalties under the bad check statute, which at the time was 720 ILCS 5/17-1a, and statutory penalties under the Uniform Commercial Code, 815 ILCS 5/3-806 ($25 per check).

10. Under Illinois law, there was no cause of action that could be timely brought in 2013 on account of a check written in 2005 or 2006 to pay for the sale of goods and dishonored upon presentment.

11. Notwithstanding this, defendants regularly file and threaten to file suit on (a) dishonored checks that are more than three years old, measured from date of dishonor, (b) statutory penalties on checks that were dishonored more than two years previously, and (c) nonpayment for the sale of goods more than four years previously.

12. Most or all of the lawsuits defendants bring and threaten are of modest amounts.

13. As a result, the persons sued cannot economically afford to defend such suits.

14. Plaintiff was forced to retain counsel, pay counsel, and pay an appearance fee.

15. Defendants subsequently dismissed the case against Plaintiff.

16. Plaintiff contends that the filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f, and further a violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq and the Illinois Consumer Fraud Act, 815ILCS 505/2.

## II. CLASS CERTIFICATION REQUIREMENTS

17. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

18. On information and belief, the class is so numerous that joinder of all members is impractical. Defendant Collection Professionals, Inc. files hundreds of cases per month. Defendants specialize in collecting dishonored checks. Based on this information, it is reasonable to assume that the number of class members is over 40.

19. Plaintiff will obtain the exact number of class members for the class through discovery, and requests a briefing schedule long enough to obtain such information.

20. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions with respect to the class are:

  a. Whether defendants have a practice of filing lawsuits against consumers on dishonored checks more than 3 years after they were dishonored;

  b. Whether defendants have a practice of filing lawsuits seeking statutory penalties on dishonored checks more than 2 years after they were

          dishonored;

    b.    Whether such practice violates the FDCPA;

    c.    Whether such practice violates the Illinois Collection Agency Act;

    d.    Whether such practice violates the Illinois Consumer Fraud Act.

21.    The only individual issue is the identification of the class members, a matter capable of ministerial determination from the records of defendants and its agents.

22.    Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

23.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. (<u>Exhibit B</u>).

24.    A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

    a.    Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

    b.    Consumers are unlikely to recognize the violation.

    c.    A class action is necessary to determine that defendants' conduct is a violation of law and bring about its cessation.

25.    Plaintiff is filing a class certification motion at this time because of the decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011).

    WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this case may proceed as a class action and designating Edelman, Combs,

Latturner & Goodwin, LLC counsel for the class.

                Respectfully submitted,

                s/ Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

   I, Daniel A. Edelman, hereby certify that on October 21, 2013, I caused to be filed the foregoing documents via the CM/ECF System. As soon thereafter as service may be effectuated, the foregoing document will be served by process server upon the following
parties, along with the summons and complaint in this matter:

Robert B. Steele
Aplington Kaufman McClintock Steele and Barry, Ltd.
 c/o Registered Agent Patrick Alan Barry
 160 Marquette St P.O. Box 517
 LaSalle, IL, 61301

Collection Professionals Inc.
Gregory Himelick
 c/o Registered Agent Scott Steven Edwards
 400 N. Dudley Street
 Macomb, IL 61455

               s/ Daniel A. Edelman
               Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)