# EXHIBIT A

10/07/2013 MON 9:54 FAX 309 944 6721 GENESEO PUBLIC LIBRARY @007/011

IN THE CIRCUIT COURT OF THE 14TH JUDICIAL CIRCUIT
HENRY COUNTY, ILLINOIS

ORION IGA/FOOD PRIDE )
   Plaintiff, )
v. ) Case No. 13-SC-446
WILLIAM F. RUBRECHT )
)
   Defendant ) Amount Claimed: $2,278.32 & Costs

REDACTED

## SUMMONS

TO: Each Defendant: WILLIAM F. RUBRECHT, ~~REDACTED~~
You are hereby summoned and required to appear before this Court at the HENRY County Courthouse, 307 W. CENTER ST., ,CAMBRIDGE,IL,61238 Room 2 at 9:00 AM on 10/15/2013 to answer the complaint in this case, a copy of which is hereto attached. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than 3 days before day of appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 3 days before the day for appearance.

WITNESS, Sept 9, 2013

(Seal of court)

_Jackie Oberg_
(Clerk of the Circuit Court)

---

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

Name: Robert B. Steele ARDC#2712407
Attorney for: Plaintiff
Address: P.O. Box 517
City: LaSalle, IL 61301
Telephone: (815) 224-3252

Date of service:_____, 20___
(To be inserted by officer on copy left with defendant or other person)

7000025978

This is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector.

FILED
SEP 27 2013
JACKIE OBERG
CIRCUIT CLERK
HENRY COUNTY, IL

RECEIVED
Time 11:00 AM
SEP 12 2013
Per____
HENRY CO. SHERIFF'S OFFICE
CAMBRIDGE, IL

5.

10/07/2013 MON 9:54 FAX 309 944 6721 GENESEO PUBLIC LIBRARY  ☒009/011

COMPLAINT—Small Claims—(COPY)     SC-1 Henry

## IN THE CIRCUIT COURT FOR THE 14TH JUDICIAL CIRCUIT OF ILLINOIS
## HENRY COUNTY, CAMBRIDGE, ILLINOIS

ORION IGA/FOOD PRIDE     Case Number 13SC446

~~[REDACTED]~~

VS WILLIAM F. RUBRECHT

**Plaintiff(s)**     **Defendant(s)**

### COUNT I
### SMALL CLAIM COMPLAINT

I, the undersigned, and Subrogee, pursuant to Subrogation Agreement attached, claim that the defendant is indebted to the plaintiff in the sum of $ $2,278.32 + COURT COSTS for NON-SUFFICIENT FUNDS CHECK #2093 IN THE SUM OF $113.64 PLUS STATUTORY DAMAGES IN THE SUM OF $340.92 AND SERVICE FEES IN THE SUM OF $25.00 AND ATTORNEY FEES IN THE SUM OF $150.00 AS PROVIDED BY ILLINOIS STATUTES. A COPY OF THE UNPAID CHECK IS ATTACHED HERETO. THE DEFENDANT HAS PAID $0.00 TOWARDS THE ORIGINAL UNPAID CHECK.

and that the plaintiff has demanded payment of said sum; that the defendant refused to pay the same and no part thereof has been paid; that the defendant resides at [REDACTED]

Phone No. 309-945-3338 that the plaintiff resides at 723 FIRST STREET, LASALLE IL 61301

Phone No. 815-223-0804 In the State of Illinois:

Date 8/13/13 (Month Day Year)     ROBERT B. STEELE, (Signature of Plaintiff)'s Attorney

### AFFIDAVIT

GREG L. HIMELICK, CHIEF OPERATIONS OFFICER on oath states that the allegations in this complaint are true.

Signed and sworn to before me 8/13, 20 13

(SEAL) Nicole Scholle (Notary Public)

(Signature of Plaintiff)

OFFICIAL SEAL
NICOLE SCHOLLE
NOTARY PUBLIC - STATE OF ILLINOIS

### SMALL CLAIM DOCKET

Complaint filed on _____ by _____ Clerk
Date Reset _____ by _____ Clerk
Date Reset _____ by _____ Clerk

| FEES | | |
|---|---|---|
| CLERK'S | | |
| Certified Mail | | |
| Sheriff | | |
| Execution | | |

Plaintiff _____ in Court _____
Defendant _____ in Court _____
Judgement for _____
$ _____ Costs $ _____
Stay _____
Against _____ days

Dismissed as to _____

(Judge)

**FILED**
SEP 09 2013
JACKIE OBERG
CIRCUIT CLERK
HENRY COUNTY, IL

10/07/2013 MON 9:54 FAX 309 944 6721 GENESEO PUBLIC LIBRARY ☐010/011

COMPLAINT—Small Claims—(COPY)  REDACTED  SC-1 Henry

## IN THE CIRCUIT COURT FOR THE 14TH JUDICIAL CIRCUIT OF ILLINOIS
## HENRY COUNTY, CAMBRIDGE, ILLINOIS

ORION IGA/FOOD PRIDE

Case Number 13SC446

WILLIAM F. RUBRECHT

VS

Plaintiff(s)     COUNT II     Defendant(s)

**SMALL CLAIM COMPLAINT**

and Subrogee, pursuant to Subrogation Agreement attached,
I, the undersigned, claim that the defendant is indebted to the plaintiff in the sum of $ 2,278.32 + COURT COSTS
for NON-SUFFICIENT FUNDS CHECK #544 IN THE SUM OF $151.46 PLUS STATUTORY DAMAGES IN THE SUM
OF $454.38 AND SERVICE FEES IN THE SUM OF $25.00 AND ATTORNEY FEES IN THE SUM OF $150.00
AS PROVIDED BY ILLINOIS STATUTES. A COPY OF THE UNPAID CHECK IS ATTACHED HERETO. THE
DEFENDANT HAS PAID $0.00 TOWARDS THE ORIGINAL UNPAID CHECK.
and that the plaintiff has demanded payment of said sum; that the defendant refused to pay the same and no part thereof has been paid; that the defendant resides at ▬▬▬▬▬▬▬

Phone No. 309-945-3338 that the plaintiff resides at 723 FIRST STREET, LASALLE IL 61301

Phone No: 815-223-0804, in the State of Illinois:

Date 8/13/13
(Month Day Year)

ROBERT B. STEELE, (Signature of Plaintiff) Attorney

**AFFIDAVIT**

GREG L. HIMELICK, CHIEF OPERATIONS OFFICER on oath states that the allegations in this complaint are true.

Signed and sworn to before me 8/13, 20 13

(SEAL) Nicole Scholle
(Notary Public)

OFFICIAL SEAL
NICOLE SCHOLLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/19/14

(Signature of Plaintiff)

**FILED**
SEP 0 9 2013
JACKIE OBERG
CIRCUIT CLERK
HENRY COUNTY, IL

SMALL CLAIM DOCKET

Complaint filed on _____ by _____ Clerk
Date Reset _____ by _____
Date Reset _____ by _____

| FEES | | |
|---|---|---|
| CLERK'S | | |
| Certified Mail | | |
| Sheriff | | |
| Execution | | |

Plaintiff _____ in Court _____
Defendant _____ in Court _____
Judgement for _____
$ _____ Costs $ _____
Stay _____
Against _____ days

Dismissed as to _____

(Judge)

10/07/2013 MON 9:54 FAX 309 944 6721 GENESEO PUBLIC LIBRARY    REDACTED    011/011

COMPLAINT—Small Claims—(COPY)                                                                    SC-1 Henry

## IN THE CIRCUIT COURT FOR THE 14TH JUDICIAL CIRCUIT OF ILLINOIS
## HENRY COUNTY, CAMBRIDGE, ILLINOIS

ORION IGA/FOOD PRIDE                                              Case Number 13SC446

~~[REDACTED]~~                                 WILLIAM F. RUBRECHT
                                        VS

**Plaintiff(s)**                                **Defendant(s)**

COUNT III

### SMALL CLAIM COMPLAINT

and Subrogee, pursuant to Subrogation Agreement attached,
I, the undersigned, claim that the defendant is indebted to the plaintiff in the sum of $ 2,278.32 + COURT COSTS
for NON-SUFFICIENT FUNDS CHECK #502 IN THE SUM OF $173.23 PLUS STATUTORY DAMAGES IN THE SUM
OF $519.69 AND SERVICE FEES IN THE SUM OF $25.00 AND ATTORNEY FEES IN THE SUM OF $150.00
AS PROVIDED BY ILLINOIS STATUTES. A COPY OF THE UNPAID CHECK IS ATTACHED HERETO. THE
DEFENDANT HAS PAID $0.00 TOWARDS THE ORIGINAL UNPAID CHECK.
and that the plaintiff has demanded payment of said sum; that the defendant refused to pay the same and no part thereof has been paid;
that the defendant resides at _____[REDACTED]_____

Phone No. 309-945-3338 ; that the plaintiff resides at 723 FIRST STREET, LASALLE IL 61301

Date 8/13/13                                     Phone No: 815-223-0804     in the State of Illinois:
     (Month Day Year)                            ROBERT B. STEELE, (Signature of Plaintiff)'s Attorney

### AFFIDAVIT

GREG L. HIMELICK, CHIEF OPERATIONS OFFICER _____ on oath states that the allegations in this complaint are true.

Signed and sworn to before me  8/13 , 20 13    _____
(SEAL)        Nicole Scholl                     (Signature of Plaintiff)
              (Notary Public)

OFFICIAL SEAL
NICOLE SCHOLL
NOTARY PUBLIC - STATE OF ILLINOIS
EXPIRES:03/19/14

SMALL CLAIM DOCKET                                                        FILED

Complaint filed on _____ by _____   SEP 0 9 2013  Clerk
Date Reset _____ by _____                Clerk
Date Reset _____ by _____   JACKIE OBERG Clerk
                                                                        CIRCUIT CLERK
                                                                        HENRY COUNTY, IL

| FEES | | |
|---|---|---|
| CLERK'S | | |
| Certified Mail | | |
| Sheriff | | |
| Execution | | |

Plaintiff _____ in Court _____
Defendant _____ in Court _____
Judgement for _____
$ _____ Costs $ _____
Stay _____
Against _____ days

Dismissed as to _____

(Judge)

10/07/2013 MON 9:54 FAX 309 944 6721 GENESEO PUBLIC LIBRARY ☒008/011

HENRY COUNTY SHERIFF'S RETURN    Case Number 13SC446

SERVICE AND RETURN---- $40.00
MILES------------------ $12.00
TOTAL------------------ $52.00

I certify that I served this Summons as follows:

(_) PERSONAL  (to each individual person)
(X) SUB-SERVICE (individual's abode)
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual person with a person of his family of the age of 13 years or upwards and also by sending a copy of the summons in a sealed envelope with postage fully prepaid addressed to each individual person at his usual place of abode.
(_) CORPORATIONS:
By leaving a copy with the registered agent, officer, or agent of each corporation.

(_) OTHER

_____

REDACTED

Rubrecht, William F
Person or Entity to be served

Rubrecht, William F
Person or Entity to be served

Rubrecht, Kandice (wife)
Name of person summons given to



Sex F   Race WHITE Approx. Age 34    Mailing Address

885 Mercury Court #4
Geneseo, IL 61254                    Date of mailing 09/16/2013
Place of service

Date of service 09/13/2013 time 8:03 PM

By _____ 1085 Deputy

By _____ #124 Deputy

PAID
Arlington Heights
McClintock Steele Burry
SEP 26 2013   LTD
Per
HENRY CO. SHERIFF'S OFFICE
CAMBRIDGE, IL

10/02/2013 WED 10:41 FAX 309 944 6721 GENESEO PUBLIC LIBRARY ☒007/008







# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM F. RUBRECHT,<br>on behalf of plaintiff and the class<br>members described below,<br><br>                 Plaintiff,<br><br>vs.<br><br>ROBERT B. STEELE;<br>APLINGTON KAUFMAN<br>MCCLINTOCK STEELE AND<br>BARRY, LTD.; COLLECTION<br>PROFESSIONALS, INC.; and<br>GREGORY HIMELICK,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the following statements are true:

Daniel A. Edelman declares under penalty of perjury, as provided for by 735 ILCS 5/1-109, that the following statements are true:

    1.    Edelman, Combs, Latturner & Goodwin, LLC, has 9 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, Michelle R. Teggelaar, Francis R. Greene, Julie Clark, Heather Kolbus and Thomas E. Soule, and 4 associates.

    2.    **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions. He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Collection Defense (Ill. Inst. Cont. Legal Educ. 2008, 2011); Representing Consumers in Litigation with Debt Buyers (Chicago Bar Ass'n 2008); Predatory Mortgage Lending (Ill. Inst. for Cont. Legal. Educ. 2008, 2011), author of Chapter 6, "Predatory Lending and Potential Class Actions," in Real Estate Litigation (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2013), Chapter, "Truth in Lending Act," in Illinois Causes of Action (Ill. Inst. For Cont. Legal Educ. 2008, 2011, 2013), Chapter, "Fair Debt Collection Practices Act," in Illinois Causes of Action (Ill. Inst. For Cont. Legal Educ. 2011, 2013), Illinois Consumer Law, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002); Payday Loans: Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance

1

Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection: The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law Institute (1996); author of Automobile Leasing: Problems and Solutions, 7 Loy.Consumer L.Rptr. 14 (1994); author of Current Trends in Residential Mortgage Litigation, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of Illinois Consumer Law (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, Attorney Liability Under the Fair Debt Collection Practices Act (Chicago Bar Ass'n 1996); author of The Fair Debt Collection Practices Act: Recent Developments, 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994). Mr. Edelman is also a frequent speaker on consumer law topics for various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conference, and the Illinois Institute for Continuing Legal Education, and he has testified on behalf of consumers before the Federal Trade Commission and the Illinois legislature. He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Courts for the Eastern and Western Districts of Wisconsin, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

   3.  **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. From 1984-1991, she supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991 and became a named partner in 1993. Ms. Combs received an Award for Excellence in Pro Bono Service from the Judges of the United States District Court for the Northern District of Illinois and the Chicago Chapter of the Federal Bar Association on May 18, 2012. Ms. Combs has argued over fifteen cases in the 1st, 3rd and 7th Circuit Court of Appeals and the Illinois Appellate Court, and she is a frequent speaker on consumer law topics at various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conferences, and the Practicing Law Institute's Consumer Financial Services Institute. Ms. Combs is coauthor of The Bankruptcy Practitioner's Guide to Consumer Financial Services Actions After the Subprime Mortgage Crisis (LRP Publications 2010). Her reported decisions include: Siwulec v. J.M. Adjustment Servs., LLC, 465 Fed. Appx. 200 (3d Cir. 2012); Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002); Chandler v. American General Finance, Inc., 329 Ill. App.3d 729, 768 N.E.2d 60 (1st Dist. 2002); Miller v. McCalla Raymer, 214 F.3d 872 (7th Cir. 2000); Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir.2000); Emery v. American Gen. Fin., Inc., 71 F.3d 1343 (7th Cir. 1995); McDonald v. Asset Acceptance, LLC, 2:11cv13080, 2013 WL 4028947 (E.D.Mich., Aug. 7, 2013). She is a member of the Illinois bar and admitted to practice in the following courts: United States District Courts for the Northern, Central and Southern Districts of Illinois, United States District Courts for the Northern and Southern Districts of Indiana, Seventh Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of

Appeals, Tenth Circuit Court of Appeals, and United States District Court for the District of Colorado. She is a member of the Northern District of Illinois trial bar.

    4.    **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in Federal Practice Manual for Legal Services Attorneys (M. Masinter, Ed., National Legal Aid and Defender Association 1989); Governmental Tort Immunity in Illinois, 55 Ill.B.J. 29 (1966); Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations, 2 Loy.Consumer L.Rep. 64 (1990), and Illinois Consumer Law (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

    5.    **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). Ms. Goodwin was Chair of the Chicago Bar Association's Consumer Law Committee from 2007 - 2010, and she has been on the faculty of the Practicing Law Institute's Consumer Financial Services Institute in Chicago for the past few years, speaking on issues relating to the Fair Debt Collection Practices Act and mortgage litigation. Ms. Goodwin is also a frequent speaker at the Chicago Bar Association, speaking on topics such as how to assist consumers with credit reporting problems. **Reported Cases.** Williams v. Chartwell Financial Services, Ltd., 204 F.3d 748 (7th Cir. 2000); Hillenbrand v. Meyer Medical Group, 288 Ill.App.3d 871, 682 N.E.2d 101 (1st Dist. 1997), later opinion, 308 Ill.App.3d 381, 720 N.E.2d 287 (1st Dist. 1999); Bessette v. Avco Fin. Servs., 230 F.3d 439 (1st Cir. 2000); Large v. Conseco Fin. Servicing Co., 292 F.3d 49 (1st Cir. 2002); Flippin v. Aurora Bank, FSB, 12 C 1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); Henry v. Teletrack, Inc., 11 C 4424, 2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill. March 7, 2012); Kesten v. Ocwen Loan Servicing, LLC, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); Bunton v. Cape Cod Village, LLC, No. 09-1044, 2009 WL 2139441, 2009 U.S. Dist. LEXIS 57801 (C.D.Ill. July 6, 2009); Wilson v. Harris N.A., No. 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007); Carbajal v. Capital One, 219 F.R.D. 437 (N.D.Ill. 2004); Russo v. B&B Catering, 209 F.Supp.2d 857 (N.D.Ill. 2002); Romaker v. Crossland Mtg. Co., No. 94 C 3328, 1996 WL 254299, 1996 U.S.Dist. LEXIS 6490 (N.D.Ill. May 10, 1996); Mount v. LaSalle Bank Lake View, 926 F.Supp. 759 (N.D.Ill 1996). Ms. Goodwin is a member of the Illinois bar and is admitted in the Seventh, First, and D.C. Circuit Courts of Appeals, and the United States District Courts for the Northern and Central Districts of Illinois, and the Northern District of Indiana. She is also a member of the Northern District of Illinois trial bar.

    6.    **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7th Cir.1999); ; Hernandez v. Attention, LLC, 429 F. Supp. 2d 912 (N.D.Ill. 2005); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D.Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D.Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D.Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc. 123 F. Supp. 2d 1085 (N.D.Ill.

3

2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d 1079, Van Jackson v. Check 'N Go of Illinois, Inc., 114 F. Supp. 2d 731 (N.D.Ill. 2000); Van Jackson v. Check 'N Go of Illinois, Inc., 193 F.R.D. 544 (N.D.Ill. 2000); Vines v. Sands, 188 F.R.D. 302 (N.D.Ill. 1999); Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D.Ill.1998); Sledge v. Sands, 182 F.R.D. 255 (N.D.Ill. 1998), Vines v. Sands, 188 F.R.D. 203 (N.D.Ill. 1999), Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. 2001); Binder v. Atlantic Credit and Finance, Inc., 2007 U.S. Dist. LEXIS 11483 (S.D.Ind. 2007); Carroll v. Butterfield Heath Care, Inc., 2003 WL 22462604 (N.D.Ill. 2003); Payton v. New Century Mtge., Inc., 2003 WL 22349118 (N.D.Ill. 2003); Seidat v. Allied Interstate, Inc., 03 C 975, 2003 WL 21468625 (N.D.Ill. June 19, 2003) (Report and Recommendation); Michalowski v. Flagstar Bank, FSB, 01 C 6095, 2002 WL 113905 (N.D.Ill. Jan. 25, 2002); Bigalke v. Creditrust Corp., 99 C 2303, 2001 WL 1098047 (N.D.Ill. Sept. 14, 2001) (Report and Recommendation); Donnelly v. Illini Cash Advance, 00 C 94, 2000 WL 1161076 (N.D.Ill. Aug. 16, 2000); Mitchem v. Paycheck Advance Express, 99 C 1858, 2000 WL 419992 (N.D.Ill. April 14, 2000); Pinkett v. Moolah Loan Co., 1999 WL 1080596 (N.D.Ill. 1999); Farley v. Diversified Collection Serv., 98 C 2108, 1999 WL 965496 (N.D.Ill. Sept. 30, 1999); Davis v. Commercial Check Control, 98 C 631, 1999 WL 965496 (N.D.Ill. Feb. 16, 1999); Sledge v. Sands, 98 C 1026, 1999 WL 261745 (N.D.Ill. April 12, 1999); Slater v. Credit Sciences, Inc., 98 C 769, 1998 WL 341631 (N.D.Ill. May 29, 1998), later opinion, 1998 WL 299803 (N.D.Ill. June 24, 1998).

7. **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). Mr. Greene was Vice Chair of the Chicago Bar Association's Consumer Law Committee from 2010-11, and Chair from 2011-12. **Reported Cases:** Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637 (7th Cir. Ill. 2012); O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938 (7th Cir. 2011); Ruth v. Triumph Partnerships, 577 F.3d 790 (7th Cir. 2009); Handy v. Anchor Mortgage Corp., 464 F.3d 760 (7th Cir. 2006); Roquet v. Arthur Andersen LLP, 398 F.3d 585 (7th Cir. 2005); Tri-G, Inc. v. Burke, Bosselman & Weaver, 222 Ill.2d 218, 856 N.E.2d 389 (2006); Johnson v. Thomas, 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); Hale v. Afni, Inc., 08 C 3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715 (N.D.Ill. Jan. 26, 2010); Parkis v. Arrow Fin Servs., 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); Foster v. Velocity Investments, 07 C 824, 2007 WL 2461665, 2007 U.S. Dist. LEXIS 63302 (N.D.Ill. Aug. 24, 2007); Foreman v. PRA III, LLC, 05 C 3372, 2007 WL 704478, 2007 U.S. Dist. LEXIS 15640 (N.D.Ill. March 5, 2007); Schutz v. Arrow Fin. Services, 465 F. Supp. 2d 872 (N.D.Ill. 2006); Pleasant v. Risk Management Alternatives, 02 C 6886, 2003 WL 22175390 (N.D.Ill. Sept. 19, 2003). He is a member of the Northern District of Illinois trial bar.

8. **Julie Clark** (neé Cobalovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** Qualkenbush v. Harris Trust & Savings Bank, 219 F. Supp.2d 935 (N.D.Ill.,2002); Covington-McIntosh v. Mount Glenwood Memory Gardens, 00 C 186, 2002 WL 31369747 (N.D.Ill., Oct. 21, 2002), later opinion, 2003 WL 22359626 (N.D.Ill. Oct. 15, 2003); Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co., 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); Western Ry. Devices Corp. v. Lusida Rubber Prods., 06 C 52, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 (N.D.Ill. June 13, 2006); Nautilus Ins. Co. v. Easy Drop Off, LLC, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill. June 4, 2007); Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc., 07 C 5715, 2007 WL 3448731, 2007 U.S. Dist. LEXIS 84425 (N.D.Ill. Nov. 14, 2007) ; Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 17, 2008); Sadowski v. OCO Biomedical, Inc., 08 C 3225, 2008 WL 5082992, 2008 U.S. Dist. LEXIS 96124 (N.D.Ill. Nov. 25, 2008); ABC Bus. Forms, Inc. v. Pridamor, Inc., 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); Glen Ellyn Pharm. v.

Promius Pharma, LLC, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); Garrett v. Ragle Dental Lab., Inc., 10 C 1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); Garrett v. Sharps Compliance, Inc., 10 C 4030, 2010 WL 4167157, 2010 U.S. Dist. LEXIS 109912 (N.D.Ill. Oct. 14, 2010).

9. **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** Clark v. Experian Info. Solutions, Inc., 8:00-1217-22, 2004 WL 256433, 2004 U.S. Dist. LEXIS 28324 (D.S.C., Jan. 14, 2004); DeFrancesco v. First Horizon Home Loan Corp., 06-0058, 2006 WL 3196838, 2006 U.S. Dist. LEXIS 80718 (S.D.Ill. Nov. 2, 2006); Jeppesen v. New Century Mortgage Corp., 2:05cv372, 2006 WL 3354691, 2006 U.S. Dist. LEXIS 84035 (N.D.Ind. Nov. 17, 2006); Benedia v. Super Fair Cellular, Inc., 07 C 1390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill. Sept. 26, 2007); Gonzalez v. Codilis & Assocs., P.C., 03 C 2883, 2004 WL 719264, 2004 U.S. Dist. LEXIS 5463 (N.D.Ill. March 30, 2004); Centerline Equipment Corp. v. Banner Personnel Svc., Inc., 07 C 1611, 2009 WL 1607587, 2009 U.S. Dist. LEXIS 48092 (N.D.Ill. June 9, 2009); R. Rudnick & Co. v. G.F. Protection, Inc., 08 C 1856, 2009 WL 112380, 2009 U.S. Dist. LEXIS 3152 (N.D.Ill. Jan. 15, 2009); Pollack v. Cunningham Financial Group, LLC, 08 C 1405, 2008 WL 4874195, 2008 U.S. Dist. LEXIS 4166 (N.D.Ill. June 2, 2008); Pollack v. Fitness Innovative Techs., LLC, No. 08 CH 03430, 2009 WL 506280, 2009 TCPA Rep. 1858 (Ill. Cir. Ct., Jan. 14, 2009); R. Rudnick & Co. v. Brilliant Event Planning, Inc., No. 09 CH 18924, 2010 WL 5774848, 2010 TCPA Rep. 2099 (Ill. Cir. Ct., Nov. 30, 2010), motion for reconsideration denied, April 21, 2011.

10. **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003). **Reported Cases:** Murray v. Sunrise Chevrolet, Inc., 441 F.Supp.2d 940 (N.D.Ill. 2006); Iosello v. Leiblys, Inc., 502 F.Supp.2d 782 (N.D.Ill. 2007); Claffey v. River Oaks Hyundai, Inc., 486 F.Supp.2d 776 (N.D.Ill. 2007); Cicilline v. Jewel Food Stores, Inc., 542 F.Supp.2d 842 (N.D.Ill. 2008); Randolph v. Crown Asset Management LLC, 254 F.R.D. 513 (N.D.Ill. 2008); Irvine v. 233 Skydeck LLC, 597 F.Supp.2d 799 (N.D.Ill. 2009); Brittingham v. Cerasimo, Inc., 621 F.Supp.2d 646 (N.D.Ind. 2009); Clark v. Pinnacle Credit Services, LLC, 697 F.Supp.2d 995 (N.D.Ill. 2010); Wendorf v. Landers, 755 F.Supp.2d 972 (N.D.Ill. 2010); QuickClick Loans LLC v. Russell, 407 Ill.App.3d 46; 943 N.E.2d 166 (1st Dist. 2011), *leave to appeal denied*, 949 N.E.2d 1103 (2011); Terech v. First Resolution Management Corp., 854 F.Supp.2d 537 (N.D.Ill. 2012); Laseter v. Climateguard Design & Installation LLC, 931 F.Supp.2d 862 (N.D.Ill. 2013); McDonald v. Asset Acceptance LLC, 2:11CV13080, ___ F.R.D. ___, 2013 WL 4028947 (E.D.Mich., Aug. 7, 2013); Adkins v. Nestle Purina Petcare Co., No. 1:12CV2871, ___ F.Supp.2d ___, 2013 WL 5420972 (N.D.Ill. Sept. 27, 2013).

11. **Associates**

    a. **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** Pietras v. Sentry Ins. Co., 513 F.Supp.2d 983 (N.D.Ill. 2007); Hernandez v. Midland Credit Mgmt., 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill. Sept. 25, 2007); Balogun v. Midland Credit Mgmt., 1:05cv1790, 2007 WL 2934886, 2007 U.S. Dist. LEXIS 74845 (S.D.Ind. Oct. 5, 2007); Herkert v. MRC Receivables, Corp., 655 F. Supp. 2d 870 (N.D.Ill. 2008); Miller v. Midland Credit Management, Inc., No. 08 C 780, 2009 WL 528796, 2009 U.S. Dist. LEXIS 16273 (N.D.Ill. March 2, 2009); Frydman v. Portfolio Recovery Associates, LLC, 11 C 524, 2011 WL 2560221, 2011 U.S. Dist. LEXIS 69502 (N.D.Ill. June 28, 2011).

        b.     **Tiffany N. Hardy** is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D.2001). **Reported cases:** Unifund v. Shah, 407 Ill.App.3d 737, 946 N.E.2d 885 (1st Dist. 2011), later opinion, 2013 IL App (1st) 113658, 993 N.E.2d 518; Balbarin v. North Star, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 5, 2011)(class certified); Diaz v. Residential Credit Solutions, Inc., 12cv3781, 2013 WL 1820948 (E.D.N.Y., April 29, 2013); Manlapaz v. Unifund, 08 C 6524, 2009 WL 3015166, 2009 U.S. Dist. LEXIS 85527 (N.D.Ill. Sept. 15, 2009); Matmanivong v. Unifund, 08 C 6415, 2009 WL 1181529, 2009 U.S. Dist. LEXIS 36287 (N.D.Ill. Apr. 28, 2009); Kubiski v. Unifund, 08 C 6421, 2009 WL 774450, 2009 U.S. Dist. LEXIS 26754 (N.D.Ill. Mar. 25, 2009); Cox v. Unifund CCR Partners, 08 C 1005 (N.D.Ill. Dec. 4, 2008) (Report and Recommendation for Class Certification); Ramirez v. Palisades Collection LLC, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); Cotton v. Asset Acceptance, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill. June 26, 2008) (class certified); Ketchem v. American Acceptance Co., LLC, 641 F. Supp. 2d 782 (N.D.Ind. 2008); D'Elia v. First Capital, 07 C 6042, 2008 WL 4344571, 2008 U.S. Dist. LEXIS 22461 (N.D.Ill. Mar. 19, 2008).

        c.     **Catherine A. Ceko** is a graduate of Northwestern University (B.A. 2005) and DePaul University (J.D. *summa cum laude* 2008). **Reported cases:** Vance v. Bureau of Collection Recovery, LLC, 10 C 6324, 2011 WL 881550, 2011 U.S. Dist. LEXIS 24908 (N.D.Ill. March 11, 2011); Grant-Hall v. Cavalry Portfolio Servs., LLC, 856 F.Supp.2d 929 (N.D.Ill. 2012); Rawson v. Source Receivables Mgmt., LLC, 11 C 8972, 2012 WL 3835096, 2012 U.S. Dist. LEXIS 125205 (N.D.Ill. Sept. 4, 2012).

        d.     **Sharon Goott Nissim** is a graduate of Yale University (B.A. 2006) and Northwestern University School of Law (J.D. 2010).

    12.     The firm also has 15 legal assistants, as well as other support staff.

    13.     Since its inception, the firm has recovered more than $500 million for consumers. The types of cases handled by the firm are illustrated by the following:

    14.     **Collection practices:** The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual. Decisions in these cases include: Jenkins v. Heintz, 25 F.3d 536 (7th Cir. 1994), aff'd 514 U.S. 291 (1995) (FDCPA coverage of attorneys); Siwulec v. J.M. Adjustment Servs., LLC, 465 Fed. Appx. 200 (3d Cir. 2012); Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir. 2003) (coverage of debt buyers); Peter v. GC Servs. L.P., 310 F.3d 344 (5th Cir. 2002); Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000); Johnson v. Revenue Management Corp., 169 F.3d 1057 (7th Cir. 1999); Keele v. Wexler & Wexler, 95 C 3483, 1995 WL 549048, 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. Sept. 12, 1995) (motion to dismiss), later opinion, 1996 WL 124452, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), aff'd, 149 F.3d 589 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232 (2nd Cir. 1998); Young v. Citicorp Retail Services, Inc., No. 97-9397, 1998 U.S.App. LEXIS 20268, 159 F.3d 1349 (2nd Cir. June 29, 1998) (unpublished); Charles v. Lundgren & Assocs., P.C., 119 F.3d 739 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru Credit Corp., 94 C 3234, 1994 WL 649101 (N.D.Ill., Nov. 14, 1994), later opinion, 1995 WL 22866 (N.D.Ill., Jan. 18, 1995), later opinion, 1995 WL 41425 (N.D.Ill., Jan. 31, 1995), later opinion, 1995 WL 55255 (N.D.Ill., Feb.

8, 1995), later opinion, 1995 WL 683775, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 16, 1995); Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Diaz v. Residential Credit Solutions, Inc., 12cv3781, 2013 WL 1820948 (E.D.N.Y., April 29, 2013); Stubbs v. Cavalry SPV I, 12 C 7235, 2013 WL 1858587 (N.D.Ill., May 1, 2013); Osborn v. J.R.S.-I., Inc., 13 C 621, 2013 WL 2467654 (N.D.Ill., June 7, 2013); Terech v. First Resolution Mgmt. Corp., 854 F.Supp.2d 537, 544 (N.D.Ill. 2012); Casso v. LVNV Funding, LLC, No. 12 C 7328, 2013 WL 3270654 (N.D.Ill., June 26, 2013); Simkus v. Cavalry Portfolio Services, LLC, 11 C 7425, 2012 WL 1866542 (N.D.Ill., May 22, 2012); McDonald v. Asset Acceptance, LLC, 2:11cv13080, 2013 WL 4028947 (E.D.Mich., Aug. 7, 2013); Ramirez v. Apex Fin. Mgmt., LLC, 567 F. Supp. 2d 1035 (N.D.Ill. 2008); Cotton v. Asset Acceptance, LLC, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); Buford v. Palisades Collection, LLC, 552 F. Supp. 2d 800 (N.D.Ill. 2008); Martin v. Cavalry Portfolio Servs., LLC, 07 C 4745, 2008 WL 4372717, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); Ramirez v. Palisades Collection LLC, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); Hernandez v. Midland Credit Mgmt., 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill., Sept. 25, 2007) (balance transfer program); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 93 C 4183, 1993 WL 460841, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 5, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866, 1994 WL 142867 (N.D.Ill., April 18, 1994); Laws v. Cheslock, 98 C 6403, 1999 WL 160236, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); Davis v. Commercial Check Control, Inc., 98 C 631, 1999 WL 89556, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 93 C 4132, 1993 WL 358158, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 93 C 4151, 1994 WL 449247, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 WL 51402, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 93 C 4978, 1994 WL 362185, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 11, 1994); Taylor v. Fink, 93 C 4941, 1994 WL 669605, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 93 C 4152, 1995 WL 55242, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995).

15.  Jenkins v. Heintz is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. Mr. Edelman argued it before the Supreme Court and Seventh Circuit. Avila v. Rubin is a leading decision on phony "attorney letters."

16.  **Debtors' rights**. Important decisions include: Ramirez v. Palisades Collection LLC, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied) (Illinois statute of limitations for credit card debts); Parkis v. Arrow Fin. Servs., 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008) (same); Rawson v. Credigy Receivables, Inc., 05 C 6032, 2006 WL 418665, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); Jones v. Kunin, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); Qualkenbush v. Harris Trust & Sav. Bank, 219 F. Supp. 2d 935 (N.D.Ill. 2002) (failure to allow cosigner to take over obligation prior to collection action); Wilson v. Harris N.A., 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill., Sept. 4, 2007).

17.  **Telephone Consumer Protection Act.** The firm has brought a number of cases under the Telephone Consumer Protection Act, 47 U.S.C. §227, which prohibits "junk faxes," spam text messages, robocalls to cell phones, and regulates telemarketing practices. Important junk fax and spam text message decisions include: Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 WL

2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Benedia v. Super Fair Cellular, Inc., 07 C 01390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., Sept. 26, 2007); Centerline Equip. Corp. v. Banner Pers. Serv., 545 F. Supp. 2d 768 (N.D.Ill. 2008); ABC Business Forms, Inc. v. Pridamor, Inc., 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); Glen Ellyn Pharmacy, Inc. v. Promius Pharma, LLC, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); Garrett v. Ragle Dental Laboratory, Inc., 10 C 1315, 2010 WL 3034709, 2010 U.S. Dist. LEXIS, 108339 (N.D.Ill., Aug. 3, 3010).

18.  The firm has also brought a number of cases complaining of robocalling and telemarketing abuse, in violation of the Telephone Consumer Protection Act. Decisions in these cases include: Soppet v. Enhanced Recovery Co., 679 F.3d 637 (7th Cir. 2012); Balbarin v. North Star Capital Acquisition, LLC, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 21, 2011), *motion to reconsider denied*, 2011 U.S. Dist. LEXIS 58761 (N.D.Ill. 2011).

19.  **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, which include: Henry v. Teletrack, Inc., 2012 U.S. Dist. LEXIS 30495, 2012 WL 769763 (N.D.Ill. March 7, 2012).

20.  Another line of cases under the Fair Credit Reporting Act which we have brought, primarily as class actions, alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA. Important decisions in this area include: Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), Murray v. GMAC Mortgage Corp., 434 F.3d 948 (7th Cir. 2006); Perry v. First National Bank, 459 F.3d 816 (7th Cir. 2006); Murray v. Sunrise Chevrolet, Inc., 441 F. Supp.2d 940 (N.D.Ill. 2006); Shellman v. Countrywide Home Loans, Inc., 1:05-CV-234-TS, 2007 WL 1100795, 2007 U.S. Dist. LEXIS 27491 (N.D.Ind., April 12, 2007); In re Ocean Bank, 418 F.Supp.2d 892 (N.D.Ill. 2007), later opinion, 06 C 3515, 2007 WL 1063042, 2007 U.S. Dist. LEXIS 29443 (N.D.Ill., Apr. 9, 2007); Asbury v. People's Choice Home Loan, Inc., 05 C 5483, 2007 WL 809531, 2007 U.S. Dist. LEXIS 17654 (N.D.Ill., March 12, 2007); Claffey v. River Oaks Hyundai, Inc., 238 F.R.D. 464 (N.D.Ill. 2006); Murray v. IndyMac Bank, FSB, 461 F.Supp.2d 645 (N.D.Ill. 2006); Kudlicki v. Capital One Auto Finance, Inc., 241 F.R.D. 603 (N.D.Ill. 2006); Thomas v. Capital One Auto Finance, Inc., 06 C 463, 2006 WL 3065498, 2006 U.S. Dist. LEXIS 81358 (N.D.Ill., Oct. 24, 2006); Pavone v. Aegis Lending Corp., 05 C 5129, 2006 WL 2536632, 2006 U.S. Dist. LEXIS 62157 (N.D.Ill., Aug. 31, 2006); Murray v. E*Trade Financial Corp., 05 C 5433, 2006 WL 2054381, 2006 U.S. Dist. LEXIS 53945 (N.D.Ill., July 19, 2006); Bonner v. Home 123 Corp., 2:05cv146, 2006 WL 1518974, 2006 U.S. Dist. LEXIS 37922 (N.D.Ind., May 25, 2006); Murray v. Sunrise Chevrolet, Inc., 04 C 7668, 2006 WL 862886, 2006 U.S. Dist. LEXIS 19626 (N.D.Ill., Mar. 30, 2006); and Murray v. Finance America, LLC, 05 C 1255, 2006 WL 862832, 2006 U.S. Dist. LEXIS 7349 (N.D.Ill., Jan 5, 2006). More than 15 such cases have been settled on a classwide basis.

21.  **Class action procedure:** Important decisions include Crawford v. Equifax Payment Services, Inc., 201 F.3d 877 (7th Cir. 2000); Blair v. Equifax Check Services, Inc., 181 F.3d 832 (7th Cir. 1999); Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997); and Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

22.  **Landlord-tenant:** The firm has brought more than 20 class actions against landlords to enforce tenants' rights. Claims include failing to pay interest on security deposits or commingling security deposits. Reported decisions include Wang v. Williams, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); Dickson v. West Koke Mill Vill. P'Ship, 329 Ill. App.

3d 341; 769 N.E.2d 971 (4th Dist. 2002); and Onni v. Apt. Inv. & Mgmt. Co., 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

23. **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, In re Mortgage Escrow Deposit Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: ; Hamm v. Ameriquest Mortg. Co., 506 F.3d 525 (7th Cir. 2007); Handy v. Anchor Mortg. Corp., 464 F.3d 760 (7th Cir. 2006); Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Flippin v. Aurora Bank, FSB, 12 C 1996, 2012 WL 3260449, 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); Kesten v. Ocwen Loan Servicing, LLC, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); Johnstone v. Bank of America, N.A., 173 F.Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001); Williamson v. Advanta Mortg. Corp., 99 C 4784, 1999 WL 1144940, 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 99 C 6884, 2000 WL 875416, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 90 C 3708, 1991 WL 152533,, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. July 30, 1991), later opinion, 1992 WL 33926, 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 94 C 45814, 1995 WL 242287, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 91 C 4542, 1993 WL 1125433, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); Robinson v. Empire of America Realty Credit Corp., 90 C 5063, 1991 WL 26593, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 WL 496707, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 9, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 94 C 3789, 1995 WL 263457, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

24. The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

25. The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

26. **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc., 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir. 2000).

27. **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

    a. Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927 (7th Cir. 1998).

9

      b.     Misrepresentation of amounts disbursed for extended warranties. <u>Taylor v. Quality Hyundai, Inc.</u>, 150 F.3d 689 (7th Cir. 1998); <u>Grimaldi v. Webb</u>, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); <u>Slawson v. Currie Motors Lincoln Mercury, Inc.</u>, 94 C 2177, 1995 WL 22716, 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 13, 1995); <u>Cirone-Shadow v. Union Nissan, Inc.</u>, 955 F.Supp. 938 (N.D.Ill. 1997) (same); <u>Chandler v. Southwest Jeep-Eagle, Inc.</u>, 162 F.R.D. 302 (N.D.Ill. 1995); <u>Shields v. Lefta, Inc.</u>, 888 F. Supp. 891 (N.D.Ill. 1995).

      c.     Spot delivery. <u>Janikowski v. Lynch Ford, Inc.</u>, 98 C 8111, 1999 WL 608714 (N.D.Ill., Aug. 5, 1999); <u>Diaz v. Westgate Lincoln Mercury, Inc.</u>, 93 C 5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); <u>Grimaldi v. Webb</u>, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

      d.     Force placed insurance. <u>Bermudez v. First of America Bank Champion, N.A.</u>, 860 F.Supp. 580 (N.D.Ill. 1994); <u>Travis v. Boulevard Bank</u>, 93 C 6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill. 1995); <u>Moore v. Fidelity Financial Services, Inc.</u>, 884 F. Supp. 288 (N.D.Ill. 1995).

      e.     Improper obligation of cosigners. <u>Lee v. Nationwide Cassell</u>, 174 Ill.2d 540, 675 N.E.2d 599 (1996); <u>Taylor v. Trans Acceptance Corp.</u>, 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); <u>Qualkenbush v. Harris Trust & Sav. Bank</u>, 219 F. Supp. 2d 935 (N.D.Ill. 2002).

      f.     Evasion of FTC holder rule. <u>Brown v. LaSalle Northwest Nat'l Bank</u>, 148 F.R.D. 584 (N.D.Ill. 1993), later opinion, 820 F.Supp. 1078 (N.D.Ill. 1993), later opinion, 92 C 8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

      28.    These cases also had a substantial effect on industry practices. The warranty cases, such as <u>Grimaldi</u>, <u>Gibson</u>, <u>Slawson</u>, <u>Cirone-Shadow</u>, <u>Chandler</u>, and <u>Shields</u>, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

      29.    **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions. <u>Livingston v. Fast Cash USA, Inc.</u>, 753 N.E.2d 572 (Ind. Sup. Ct. 2001); <u>Hamm v. Ameriquest Mortg. Co.</u>, 506 F.3d 525 (7th Cir. 2007); <u>Handy v. Anchor Mortg. Corp.</u>, 464 F.3d 760 (7th Cir. 2006); <u>Williams v. Chartwell Fin. Servs.</u>, 204 F.3d 748 (7th Cir. 2000); <u>Laseter v. Climateguard</u>, 12 C 3719, 2013 WL 1087576 (N.D.Ill., March 14, 2013); <u>Hubbard v. Ameriquest Mortg. Co.</u>, 624 F.Supp.2d 913 (N.D.Ill. 2008); <u>Martinez v. Freedom Mortg. Team, Inc.</u>, 527 F. Supp. 2d 827 (N.D.Ill. 2007); <u>Pena v. Freedom Mortg. Team, Inc.</u>, 07 C 552, 2007 WL 3223394, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); <u>Miranda v. Universal Fin. Group, Inc.</u>, 459 F. Supp. 2d 760 (N.D.Ill. 2006); <u>Parker v. 1-800 Bar None, a Financial Corp., Inc.</u>, 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); <u>Gilkey v. Central Clearing Co.</u>, 202 F.R.D. 515 (E.D.Mich. 2001); <u>Van Jackson v. Check 'N Go of Ill., Inc.</u>, 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); <u>Henry v. Cash Today, Inc.</u>, 199 F.R.D. 566 (S.D.Tex. 2000); <u>Donnelly v. Illini Cash Advance, Inc.</u>, 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); <u>Jones v. Kunin</u>, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); <u>Davis v. Cash for Payday</u>, 193 F.R.D. 518 (N.D.Ill. 2000); <u>Reese v. Hammer Fin. Corp.</u>, 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); <u>Pinkett v. Moolah Loan Co.</u>, 99 C 2700, 1999 WL

1080596, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); Gutierrez v. Devon Fin. Servs., 99 C 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); Vance v. National Benefit Ass'n, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

30. **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

  a. Phony nonfiling insurance. Edwards v. Your Credit Inc., 148 F.3d 427 (5th Cir. 1998); Adams v. Plaza Finance Co., 168 F.3d 932 (7th Cir. 1999); Johnson v. Aronson Furniture Co., 96 C 117, 1997 U.S. Dist. LEXIS 3979 (N.D.Ill., March 31, 1997), later opinion, 1993 WL 641342 (N.D.Ill., Sept. 11, 1998).

  b. The McCarran Ferguson Act exemption. Autry v. Northwest Premium Services, Inc., 144 F.3d 1037 (7th Cir. 1998).

  c. Loan flipping. Emery v. American General, 71 F.3d 1343 (7th Cir. 1995). Emery limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

  d. Home improvement financing practices. Fidelity Financial Services, Inc. v. Hicks, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; Heastie v. Community Bank of Greater Peoria, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). Heastie granted certification of a class of over 6,000 in a home improvement fraud case.

  e. Arbitration clauses. Wrightson v. ITT Financial Services, 617 So.2d 334 (Fla. 1st DCA 1993).

  f. Insurance packing. Elliott v. ITT Corp., 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

31. **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include Lundquist v. Security Pacific Automotive Financial Services Corp., Civ. No. 5:91-754 (TGFD) (D.Conn.), aff'd, 993 F.2d 11 (2d Cir. 1993); Kedziora v. Citicorp Nat'l Services, Inc., 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91 C 3428, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); Johnson v. Steven Sims Subaru and Subaru Leasing, 92 C 6355, 1993 WL 761231, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 WL 13074115, 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); McCarthy v. PNC Credit Corp., 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); Kinsella v. Midland Credit Mgmt., Inc., 91 C 8014, 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); Highsmith v. Chrysler Credit Corp., 18 F.3d 434 (7th Cir. 1994); Black v. Mitsubishi Motors Credit of America, Inc., 94 C 3055, 1994 WL 424112, 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); Simon v. World Omni Leasing Inc., 146 F.R.D. 197 (S.D.Ala. 1992). Settlements in such cases include Shepherd v. Volvo Finance North America, Inc., 1-93-CV-971 (N.D.Ga.)($8 million benefit); McCarthy v. PNC Credit Corp., 291 CV 00854 PCD (D.Conn.); Lynch Leasing Co. v. Moore, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); Blank v.

11

Nissan Motor Acceptance Corp., 91 L 8516 (Circuit Court of Cook County, Illinois); Mortimer v. Toyota Motor Credit Co., 91 L 18043 (Circuit Court of Cook County, Illinois); Duffy v. Security Pacific Automotive Financial Services, Inc., 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

32. Lundquist and Highsmith are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the Lundquist case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

33. **Insurance litigation:** Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy. The firm has extensive experience with such litigation. Reported decisions in such cases include: Record-A-Hit, Inc. v. Nat'l Fire Ins. Co., 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); Pietras v. Sentry Ins. Co., 06 C 3576, 2007 WL 715759, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); Auto-Owners Ins. Co. v. Websolv Computing, Inc., 06 C 2092, 2007 WL 2608559, 2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); Nat'l Fire Ins. Co. v. Tri-State Hose & Fitting, Inc., 06 C 5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007): Nautilus Ins. Co. v. Easy Drop Off, LLC, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

34. Some of the other reported decisions in our cases include: Elder v. Coronet Ins. Co., 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); Smith v. Keycorp Mtge., Inc., 151 B.R. 870 (N.D.Ill. 1992); Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); Armstrong v. Edelson, 718 F.Supp. 1372 (N.D.Ill. 1989); Newman v. 1st 1440 Investment, Inc., 89 C 6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); Mountain States Tel. & Tel. Co. v. District Court, 778 P.2d 667 (Colo. 1989); Disher v. Fulgoni, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); Harman v. Lyphomed, Inc., 122 F.R.D. 522 (N.D.Ill. 1988); Haslam v. Lefta, Inc., 93 C 4311, 1994 WL 117463, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); Source One Mortgage Services Corp. v. Jones, 88 C 8441, 1994 WL 13664, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994); Wilson v. Harris N.A., 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007).

35. Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action. Elder v. Coronet Insurance held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

36. Executed at Chicago, Illinois.

s/Daniel A. Edelman
Daniel A. Edelman

Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

12