**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM F. RUBRECHT**, behalf of plaintiff and the class members described below, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13 C 7538 |
| **ROBERT B. STEELE**; **APLINGTON KAUFMAN MCCLINTOCK STEELE AND BARRY LTD.**; **COLLECTION PROFESSIONALS, INC.**; and **GREGORY HIMELICK**, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Gregory Himelick and Collection Professionals, Inc. (collectively "CP Defendants," as they characterize themselves), two of the defendants in this putative class action brought by William Rubrecht ("Rubrecht"), have filed their Answer and an Affirmative Defense ("AD") to Rubrecht's Complaint. This memorandum order is issued sua sponte because of two problematic aspects of that responsive pleading.

To begin with, this Court continues to be astonished (perhaps appalled would be a better word) by the number of lawyers who practice regularly in the federal courts, yet appear to believe that they know pleading protocol better than the drafters of the Federal Rules of Civil Procedure ("Rules"). For example, that mindset manifests itself all too often in a departure from the clear and unambiguous language of Rule 8(b)(5), which specifies the terms of a disclaimer that allows a defendant to avoid the mandate of Rule 8(b)(1)(B) to "admit or deny the allegations asserted against it by an opposing party" when the defendant's counsel can do so in the

subjective and objective good faith required by Rule 11(b). Here the law firm representing CP Defendants was already a well-established firm in the dim past when this Court first entered into the practice of law (some 6-1/2 decades ago), and its two members who are reflected as having crafted the Answer have respectively had a quarter century and a decade of practice under their belts -- yet look at the locution that they have employed in Answer ¶¶ 9, 10, 14 and 15 instead of the straightforward disclaimer mapped out by Rule 8(b)(5):

> Upon reasonable inquiry, the information known and readily available to CP Defendants renders them unable to admit the truth of the information [or "remaining information"] contained in Paragraph --.

This Court's rejection of such an attempted substitute for the Rule-specified disclaimer is not a mere quibble. Defense counsel's usage omits entirely any reference to the pleader's belief, the key term (in addition to "information") that makes the satisfaction of a defendant's qualification for the benefit of a deemed denial a more demanding task. Accordingly each of the paragraphs of the Answer referred to in this memorandum order is stricken, with leave granted to file an appropriate amendment to those paragraphs on or before January 21, 2014.[1]

One other aspect of CP Defendants' pleading calls for correction. Answer ¶ 4, which purports to respond to the subject matter jurisdictional allegation of Complaint ¶ 4, states that jurisdiction is denied "as explained in its affirmative defenses." In turn CP Defendants' single AD states:

---

[1] That kind of amendment rather than a total do-over in the form of a self-contained Amended Answer is entirely acceptable, because no great inconvenience will be occasioned by the need for Rubrecht's counsel and this Court to examine both the original Answer and the amendment to see just what is and what is not at issue between the parties.

> CP Defendants assert that plaintiff has not incurred an injury in fact, and plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

That is simply wrong, for it is at odds with the fundamental concept of an AD as defined by Rule 8(c) and the caselaw applying that Rule, under which a responsive pleader accepts a complaint's well-pleaded allegations as gospel but then goes on to explain why the pleader is nevertheless not liable or, as for example in the case of contributory negligence, may be liable for less than the plaintiff claims -- in that respect, see App'x ¶ 5 to this Court's opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). When that concept is applied to this case, Rubrecht must be credited with having been sued arbitrarily on a clearly time-barred obligation and having had to retain and pay counsel to obtain dismissal of that lawsuit (see, for example, Complaint ¶¶ 33 and 34). Accordingly the AD is stricken.[2]

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　　　　Senior United States District Judge

Date: January 14, 2014.

---

[2] This Court is also puzzled by CP Defendants' response to Complaint Count III, which invokes the Illinois Consumer Fraud Act. There they have <u>admitted</u> their violation of that statute "by threatening and filing suits on time-barred debts" (Answer ¶ 61), from which it would appear that Rubrecht has a viable claim to at least that extent. On that score this Court will await appropriate action by the parties.